LEE, R.E., Jr., Associate Judge.
The issue in this appeal is whether the trial court properly dismissed Leona Williams’ complaint with prejudice due to her failure to obtain an attorney.
Williams originally filed suit for injuries allegedly received as a result of a fall at Disney World. After the matter was set for trial, Williams moved for a continuance, which was granted. Prior to the rescheduled trial, Williams’s counsel moved for leave to withdraw. The court granted the motion by order dated April 25, 1986, but required Williams to obtain new counsel within 20 days.
The case was subsequently set for the trial week beginning September 22, 1986. When it was called for trial on September 25, 1986, Williams appeared without counsel. The court examined Williams, and determined that it would be “a kind of travesty” to allow her to represent herself. Over objection by Disney World, the court granted Williams a continuance, with the requirement that she obtain counsel within 30 days. Williams agreed to a dismissal if counsel was not obtained. The following colloquy occurred:
THE COURT: ... If no attorney is filed to represent you within 30 days, then I am going to enter an order dismissing this case finally and completely.
MRS. WILLIAMS: All right, sir.
THE COURT: Are you agreeable to that?
MRS. WILLIAMS: Yes, I agree.
THE COURT: Do you understand what I am saying?
MRS. WILLIAMS: Yes, I understand. If I don’t get an attorney within 30 days, then you will dismiss the case.
THE COURT: That’s correct.
MRS. WILLIAMS: I agree
On October 29,1986, no attorney had yet filed an appearance for Williams, and the court entered its final order of dismissal with prejudice. Williams filed a motion to reinstate, which was denied.
*766 Williams’ counsel on appeal claims that Williams did actually comply with the court’s order in that she retained his services well within the 30 days specified, and that it was his fault that no appearance was filed. Even so, a question remains as to whether the mere retention of counsel was sufficient to comply with the court’s order, or whether it was necessary that the counsel also file pleadings and make himself known to the court during the 30-day period.
Upon examining the record, we conclude that Williams did comply with what she understood to be the court’s order. Counsel’s unintentioned lapse of five days beyond the thirty days granted should not be held against Williams. Accordingly, the order entered below is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.